[Cite as *State v. Moore*, 2017-Ohio-7249.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105415**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LADON E. MOORE

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604864-A

**BEFORE:** Laster Mays, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 17, 2017

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Aqueelah A. Jordan
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Ladon E. Moore ("Moore"), appeals the trial court's decision to sentence him to a five-year term of postrelease control, and asks this court to reverse the sentence and remand to the trial court for a correction of the sentence. The state, pursuant to Loc.App.R. 16(B), concedes the error. We reverse the trial court's imposition of postrelease control and remand for further proceedings.

{¶2} Moore pleaded guilty to robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). The trial court sentenced him to five years in prison and a five-year mandatory postrelease control. Moore has filed this timely appeal asserting one assignment of error for our review:

> I.    The lower court erred in imposing a term of five years mandatory postrelease control for a felony of the second degree.

{¶3} Moore was sentenced to a five-year term of postrelease control as part of his felony sentence. The trial court erred when it sentenced Moore to five years postrelease control when the law requires that he only serve a mandatory three-year term of postrelease control. *See, e.g., State v. Laporta*, 8th Dist. Cuyahoga No. 105029, 2017-Ohio-1289, ¶ 4.

> Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of postrelease control imposed by the parole board after the offender's release from imprisonment. * * * For a felony of the second degree that is not a

felony sex offense, three years.

R.C. 2967.28(B)(2).

{¶4} Accordingly, Moore pleaded guilty to a second-degree felony; therefore, the trial court should have sentenced Moore to a mandatory three-year term of postrelease control.

{¶5} Moore's single assignment of error is sustained.

{¶6} "The trial court's judgment is hereby reversed with regard to the improper imposition of postrelease control. The matter is remanded to the trial court to conduct a notification hearing pursuant to R.C. 2929.191 and impose the requisite period of postrelease control." *Laporta* at ¶ 6.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR